UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

MARVIS WYNN,                                                                          No. 15-12771-t7

    Debtor.

MARVIS WYNN AND COBB WYNN,

    Plaintiffs,

v.                                                                                              Adv. No. 17-01089-t

INNOVATIONS CREDIT UNION,

    Defendant.

## **OPINION**

    Before the Court is Defendant's motion for summary judgment on all counts. The motion prompted the Court to review its subject matter jurisdiction over Cobb Wynn's claims. After reviewing the facts submitted by Defendant and the applicable law, the Court concludes that summary judgment is appropriate as to Marvis Wynn's claims, while dismissal without prejudice is appropriate for Cobb Wynn's claim, due to lack of subject matter jurisdiction.

### I.    FACTS

The Court finds that the following material facts are not in genuine dispute:

    On or about August 3, 2009, Plaintiffs Marvis Wynn and Cobb Wynn borrowed $21,327.19 from Defendant (the "Mitsubishi Loan"). Plaintiffs used the loan proceeds to buy a 2009 Mitsubishi Galant (the "Mitsubishi"), which apparently was titled in Marvis Wynn's name.

    Plaintiffs granted Defendant a security interest in the Mitsubishi to secure repayment of the Mitsubishi Loan.

On August 9, 2013, Marvis Wynn borrowed an additional $2,000 (the "Jeep Loan") and used the proceeds to buy a 2005 Jeep Liberty (the "Jeep"). He granted Defendant a security interest in the Jeep to secure repayment of the Jeep Loan.

The loan and security documents binding on Plaintiffs Wynn contain cross-collateralization provisions, such that both vehicles collateralized both loans.

The Jeep Loan was paid in full, but Defendant retained its security interest in the Jeep as security for the Mitsubishi Loan.

Marvis Wynn defaulted on the Mitsubishi Loan. The last payment was made on September 15, 2015.

Defendant repossessed both vehicles and gave written notice of the intent to sell.

Defendant sold the Jeep on by auction on November 30, 2015, for $925. On December 9, 2015, Defendant sold the Mitsubishi for $3,100.

After the sales proceeds were applied to the Plaintiff's account, money was still owed to the Defendant. Defendant provided written notice of the deficiency to the Plaintiffs.

Marvis Wynn filed the above-captioned bankruptcy case on October 21, 2015. Defendant received notice of the filing on October 27, 2015. The case was closed and discharge granted on February 8, 2016.

Cobb Wynn has not filed for bankruptcy.

Defendant does not use "auto-dialer" or "robo-caller" methods in its collection efforts.

Defendant sued Cobb Wynn in Florida to collect the deficiency. On January 18, 2018, the County Court of Bay County, Florida, granted Defendant a money judgment against Cobb Wynn for $9,538.47.

Cobb Wynn lives in Florida. Marvis Wynn lives in Gallup, New Mexico.

Plaintiffs filed this proceeding against Defendant in the United States District Court for the District of New Mexico on November 17, 2017. The district court transferred the proceeding to this Court on November 29, 2017.

The complaint contains the following counts, each plead by both Plaintiffs:

1. Violation of Injunction for Bankruptcy Statutes;
2. Bankruptcy Code Violation;
3. Violation of Automatic Stay Statutes;
4. Violation of Chapter 7 Statutory Codes in a Bankruptcy Case;
5. Violation of 11 U.S.C. 727 Statutes During and After Bankruptcy Provisions for Bankruptcy Case
6. Harassment, Stress, Anxiety, Constitutional Rights, Civil Rights Violations, Worry
7. Emotional Distress, Mental Anguish, Immunities, Health Issues Related to this Case, Hospital, Medical Expenses, Credit Issues and Slander and defamation
8. Intimidation, Lies, Bullying, Broker Payment Arrangements, Mistreatment
9. Violation of the National Association of Credit Unions By-Laws & Statutes
10. Violation of the Florida Office of Financial Regulation Statutes
11. Violation of Conduct before during and after Bankruptcy Injunction
12. Violation of the National Credit Union Administration Practices and Conduct
13. Violation of Res Judicata for Bankruptcy Injunction
14. Violation of the Fair Credit Union Act; and
15. Violation of the NCUA Rules & Regulations.

## II. DISCUSSION

A. The Court Lacks Subject Matter Jurisdiction over Cobb Wynn's Claims.

1. The Court's Duty to Investigate Subject Matter Jurisdiction. This Court, like all other federal courts, has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)); *see also Sharkey v. Quarantillo*, 541 F.3d 75, 87-88 (2d Cir. 2008) ("To the extent the threshold limitations are jurisdictional, we are required to raise them *sua sponte*") (citing *Arbaugh*, 546 U.S. at 514); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F.3d 510, 514 (7th Cir. 2006) ("Neither party raised [the matter of jurisdiction], but we have an independent obligation to ensure that

jurisdiction exists"); *Palmieri v. Allstate Ins. Co.*, 445 F.3d 179, 184 (9th Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("Of course, we have an independent obligation to satisfy ourselves that we have jurisdiction").

The Court can raise a defect in jurisdiction at any time. "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citations omitted); *see also Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

2. <u>Bankruptcy Court Jurisdiction</u>. "Bankruptcy courts only have the jurisdiction and powers expressly or by necessary implication granted by Congress." *Gardner v. U.S. (In re Gardner)*, 913 F.2d 1515, 1517 (10th Cir. 1990). A bankruptcy court's jurisdiction is referred by the United States District Courts.[1] The referred jurisdiction is limited by 28 U.S.C. § 1334 to four matters: "(1) cases under title 11; (2) proceedings arising under title 11, (3) proceedings arising in a case under title 11, and (4) proceedings related to a case under title 11." *In re Marcus Hook Development Park, Inc.*, 943 F.2d 261, 264 (3rd Cir. 1991) (citing cases). Although a bankruptcy court has original and exclusive jurisdiction over bankruptcy cases, property of the estate and all property of the debtor as of the commencement of the case, its jurisdiction in civil proceedings is

---

[1] United States District Courts also have limited jurisdiction, and possess only the powers authorized by the United States Constitution and federal statutes. These powers may not be expanded by judicial decree or consent of the parties. *Becenti v. Vigil*, 902 F.2d 777, 780 (10th Cir. 1990); *Trigg v. U.S. Dept. of Interior (In re Trigg)*, 630 F.2d 1370, 1372 (10th Cir. 1980). A claim is presumed to lie outside the limited jurisdiction of federal courts; the burden of establishing the contrary rests upon the party asserting the existence of jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

original but not exclusive. *In re Capps*, 2018 WL 3635708, at *2 (Bankr. D. Kan.); see generally 28 U.S.C. § 1334(a) and (b).

The jurisdiction conferred upon district courts (and then referred by district courts to bankruptcy courts) under § 1334(b) is of two types, core and non-core. A "core" proceeding involves a claim which has no existence outside of bankruptcy or cannot proceed in another court. *Gardner*, 913 F.2d at 1518; *see also* 28 U.S.C 157(b)(2) (a non-exhaustive list of core proceedings). A claim is not core simply because it falls within the wording of § 157(b)(2); the claim must also satisfy the mandate of *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50 (1982). *See First Nat'l Bank of Westminster v. Rarick (In re Rarick)*, 132 B.R. 47, 50–51 (D. Colo. 1991) ("the list of 15 types of "core" proceedings must be construed narrowly to fit within the constitutional purview of *Marathon*"). Claims that, in the absence of the bankruptcy petition, could have been brought in a district court or state court are, at most, "related to" the bankruptcy case. *Gardner*, 913 F.2d at 1518.

To be "related to" a bankruptcy case, a claim must fall within the test of *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3rd Cir. 1984). Under *Pacor*, a claim is related to a bankruptcy case if its outcome could conceivably have any effect on the estate being administered. If the outcome could alter a debtor's rights, liabilities, options or freedom of action in any way, thereby affecting the handling and administration of the bankruptcy estate, the bankruptcy court may have jurisdiction over the claim as a "related to," non-core matter. *Gardner*, 913 F.2d at 1518.

3. <u>Cobb Wynn Lacks Standing to Assert the Bankruptcy-Related Claims</u>. Cobb Wynn asserts some claims that would be considered "core" to a bankruptcy estate (e.g., violation of the discharge injunction and/or the automatic stay). Since Cobb Wynn never filed a bankruptcy case (let alone this case), however, any such claims must belong to Marvis Wynn. This is improper,

because Cobb Wynn has not, and cannot, establish his right to assert claims owned by Marvis Wynn. *See, e.g., Terrell v. INS*, 157 F.3d 806, 809 (10th Cir. 1998) (third party standing requires injury in fact, a close relation to the third party, and a showing that the third party is unable to pursue his or her own claims); *Raiser v. U.S.*, 325 F.3d 1182, 1184 (10th Cir. 2002) (quoting *Terrell*). *See generally Singleton v. Wulff*, 428 U.S. 106, 113-14 (1976) ("Federal courts must hesitate before resolving a controversy, even one within their constitutional power to resolve, on the basis of the rights of third persons not parties to the litigation."). Here, Marvis Wynn can assert his own claims, so Cobb Wynn lacks third party standing. Cobb Wynn's bankruptcy-related claims therefore must be dismissed for lack of subject matter jurisdiction.

4. <u>Cobb Wynn's Non-Bankruptcy Claims Are Not "Related to" this Case</u>. Cobb Wynn also asserts a number of non-bankruptcy claims. While he has standing to do so, these "non-core" claims are so far afield from this Court's "related to" jurisdiction that they must be dismissed for lack of subject matter jurisdiction. The Court would only have jurisdiction over the claims if they could have a conceivable effect on the current bankruptcy estate. They could not. Whether Cobb Wynn wins or loses on the claims would make no difference to the bankruptcy estate. The Court therefore lacks subject matter jurisdiction over them.

5. <u>Supplemental Jurisdiction</u>. 28 U.S.C. § 1367 grants United States district courts supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." There is a split of authority about whether this "supplemental jurisdiction" can be exercised by bankruptcy courts. *Hawkins v. Eads (In re Eads)*, 135 B.R. 387 (Bankr. E.D. Cal. 1991), and *Jones v. Woody (In re W.J. Servs., Inc.)*, 139 B.R. 824, 826 (Bankr. S.D. Tex. 1992), held that the bankruptcy courts may exercise supplemental jurisdiction granted

-6-
Case 17-01089-t    Doc 33    Filed 10/15/18    Entered 10/15/18 16:32:59    Page 6 of 10

under § 1367.² In *Walker v. Cadle Company (In re Walker)*, 51 F.3d 562, 571 (5th Cir. 1995), however, the Fifth Circuit disagreed. *Walker*'s reasoning was adopted in *Halvajian v. Bank of New York, N.A.*, 191 B.R. 56 (D.N.J. 1995). Currently, most lower court decisions on the issue have sided with *Walker* and held that bankruptcy courts cannot exercise supplement jurisdiction. *See In re McGuire*, 2014 WL 322045, at *4 (Bankr. D. Kan.) (citing Eric C. Surette, Annotation, *Exercise of Supplemental Jurisdiction by Bankruptcy Courts Pursuant to 28 U.S.C.A. § 1367,* 52 A.L.R. Fed.2d 243, § 2 (2011) (collecting cases)). The Tenth Circuit has not ruled on the issue.

The Court need not decide the issue, however, because the exercise of supplemental jurisdiction is discretionary. 28 U.S.C. §1367 provides:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

As discussed in the next section, the Court will grant summary judgment to Defendant on all of Marvis Wynn's claims. Thus, pursuant to §1367(c)(3), the Court would dismiss Plaintiff Cobb Wynn's bankruptcy claims, even if it could exercise supplemental jurisdiction.

Finding no subject matter jurisdiction and declining to exercise supplemental jurisdiction, the Court will dismiss Cobb Wynn's claims without prejudice.³

---

² *See generally* Natallie J. Santana, *A Statutory and Constitutional Analysis of Whether Bankruptcy Courts May Exercise Supplemental Jurisdiction Pursuant to 28 U.S.C. § 1367,* 22 Norton J. Bankr. L & Prac. 1, Art. 5 (2013).

³ Although Defendant asks for a summary judgment on all of Cobb Wynn's claims, it acknowledges that the Court lacks subject matter jurisdiction over those claims. If a court finds that it lacks subject matter jurisdiction, the only proper course is to dismiss the claims. *See* F.R.C.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

B.   Defendant is Entitled to Summary Judgment on Marvis Wynn's Claims.

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. F.R.C.P. 56. "[A] party seeking summary judgment always bears the initial responsibility of informing the … court of the basis for its motion, and … [must] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether summary judgment should be granted, the Court will view the record in the light most favorable to the party opposing summary judgment. *Harris v. Beneficial Oklahoma, Inc. (In re Harris)*, 209 B.R. 990, 995 (10th Cir. BAP 1997).

To deny a motion for summary judgment, genuine fact issues must exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The party opposing a motion for summary judgment must "set forth specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). It is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his [or her] pleadings." *Liberty Lobby, Inc.*, 477 U.S. at 256. Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." *Colony Nat'l Ins. Co. v. Omer*, No. 07-2123, 2008 WL 2309005, at * 1 (D. Kan. June 2, 2008) (citing Fed. R. Civ. P. 56(e) and *Argo v. Blue Cross and Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006)). "In responding to a motion for summary judgment, 'a party cannot rest on ignorance of facts, on speculation, or on suspicion and may not escape summary

judgment in the mere hope that something will turn up at trial.'" *Colony Nat'l Ins. Co. v. Omer*, 2008 WL 2309005, at *1 (quoting *Conaway v. Smith*, 853 F.2d 789, 794 (10th Cir. 1988)).

In this case, Defendant provided admissible evidence supporting its position, including an affidavit signed by a loan officer with personal knowledge of the loans to Marvis and Cobb Wynn. Attached to the affidavit are the loan documents and the loan payment histories. The Court is satisfied that the Defendant met its initial burden under F.R.C.P. 56.

Marvis Wynn's responses to the summary judgment motion fail to support his position. He did not provide any affidavits, declarations, depositions, stipulations, admissions, or other materials in the record. Although Marvis Wynn repeatedly states that he has witnesses, recordings, and other evidence to support his allegations, nothing of the sort was submitted.

As noted above, it is not enough for the party opposing a properly supported motion for summary judgment to "rest on mere allegations or denials of his [or her] pleadings." *Liberty Lobby, Inc.,* 477 U.S. at 256. Nor can a party "avoid summary judgment by repeating conclusory opinions, allegations unsupported by specific facts, or speculation." *Colony Nat'l Ins. Co. v. Omer*, 2008 WL 2309005, at * 1 (D. Kan.) (citations omitted). Because Defendant carried its burden under F.R.C.P. 56, while Marvis Wynn provided no contrary evidence whatsoever, it is appropriate for the Court to grant Defendant summary judgment on all of Marvis Wynn's claims.

### III. CONCLUSION

The Court lacks subject matter jurisdiction over Cobb Wynn's claims against Defendant. Those claims will be dismissed without prejudice. The Court will grant summary judgment in favor of Defendant on all of Marvis Wynn's claims against it. A separate order will be entered.

_____

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: October 15, 2018

Copies to: parties of record